CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 3 1 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KENNETH NORMAN, | ) | Civil Action No. 7:11-cv-00243 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SERGEANT GREER, | ) | By: Hon. James C. Turk |
| Defendant. | ) | Senior United States District Judge |

Kenneth Norman, a Virginia inmate proceeding pro se, filed a civil rights complaint

pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as the

sole defendant Sergeant Greer, a correctional officer at the Wallens Ridge State Prison

("WARSP"). This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After

reviewing plaintiff's submission, the court dismisses the complaint without prejudice for failing

to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following facts. On October 9, 2010, "several correctional officers"

caused "numerous, serious injuries" to his face, head, eyes, left ribs, and body when they

"attacked and assaulted" him. Officials subsequently transported plaintiff to a hospital to be

"stabilized from dying" and then transferred him to another correctional facility for on-going

medical treatment. These correctional officers violated his Eighth Amendment right to be free

from cruel and usual punishment. These correctional officers also "attempted to murder"

plaintiff. Plaintiff requests $100,000 and an injunction to prevent correctional officers from

using force against him unless necessary to prevent death, injury, or destruction of property.

II.

The court must dismiss any action or claim filed by an inmate if the court determines that

the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28

U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims

based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest

which clearly does not exist," or claims where the "factual contentions are clearly baseless."

Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for

a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's

factual allegations as true. A complaint needs "a short and plain statement of the claim showing

that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to

relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)

(internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and

conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the

elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.

2003).

However, determining whether a complaint states a plausible claim for relief is "a

context-specific task that requires the reviewing court to draw on its judicial experience and

common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Thus, a

court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an

assumption of truth because they consist of no more than labels and conclusions. Id. Although

the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972),

the court does not act as the inmate's advocate, sua sponte developing statutory and

constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v.

Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton,

775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.

1978) (recognizing that district courts are not expected to assume the role of advocate for the pro

se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Thus, a plaintiff must show a personal fault on the part of a defendant, either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. See Fisher v. Washington Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982), abrogated on other grounds by Cnty. of Riverside v. McLaughlin, 500 U.S. 44 (1991). However, plaintiff fails to relate the sole defendant to any alleged constitutional deprivation committed by several correctional officers. Accordingly, plaintiff fails to state a claim against the defendant upon which relief may be granted, and the court dismisses the complaint without prejudice.

III.

For the foregoing reasons, the court dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff may refile his claim in a new and separate action at the time of his choice.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to plaintiff.

ENTER: This 31̲/̲s̲t̲ day of May, 2011.

_James C. ___

Senior United States District Judge